**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HECTOR DEJESUS, ALIDA DEJESUS,**
**CRISTINA SANTIAGO, and EFRAIN**
**TORRES,**

                **Plaintiffs,**

**-vs-**                                                  **Case No.  6:08-cv-11-Orl-31DAB**

**CC720, LLC d/b/a Cay Club Resort and**
**Academy,**

                **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR DEFAULT JUDGMENT (Doc. No. 12)**
>
> **FILED:**      **July 15, 2008**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Plaintiffs are suing Defendant for unpaid overtime wages and violation of the minimum wage provision, as well as attorney's fees and costs, pursuant to the Fair Labor Standards Act (29 U.S.C.A. § 201, *et seq.,* herein "the FLSA").  Doc. No. 1.  Plaintiffs served process on Defendant CC720, LLC by serving a person named "Ann Neukomm" who "stated that they [sic] were authorized to accept for the within named, in their absence."  Doc. No. 9.  The "within named" is a reference to no one in particular, only "Designated Person" in the Return of Service.  Doc. No. 9.

Case 6:08-cv-00011-GAP-DAB   Document 13   Filed 07/22/08   Page 2 of 3 PageID 54

Pursuant to Florida Statute § 608.463, service of process against a limited liability company may be served "[i]n accordance with chapter 48 or chapter 49, as if the limited liability company was a partnership." Fla. Stat. § 608.463(1)(a). Service on a partnership is governed by Florida Statute § 48.061(1), which provides that service of process on a partnership should be completed on a partner or if a partner is not available during regular business hours, he or she may designate an employee to accept service. If a party makes one attempt to serve either a partner or a designated employee to no avail, the party may serve process on "the person in charge of the partnership during regular business hours." Fla. Stat. § 48.061(1); see *Boatfloat LLC v. Golia,* 915 So.2d 288, 289-90 (Fla. App. 4th DCA 2005) (identifying as a conundrum that there is no provision in the applicable statute that provides a method of service of process where the partnership or limited liability company does not have regular business hours open to the public).

In this case, Plaintiffs have not even identified the person they were trying serve, other than as "Designated Person." Doc. No. 9. According to the Florida Department of State, Division of Corporations (available at www.sunbiz.org), the principal address of "CC720, LLC" is at 18167 U.S. Highway 19 North, Suite 500, Clearwater, Florida 33764; this is not the address to which service was directed on the Return of Service (Doc. No. 9), which is listed as 12800 University Dr., Suite 260, Ft. Myers, Florida 33907. The managing members of the LLC are listed as Dave F. Clark and David W. Schwarz, both at the address listed above in Clearwater, Florida. *See* www.sunbiz.org for CC720, LLC. Service was not directed to either of the managing members listed with the Division of Corporations.

Plaintiffs have wholly failed to cite any statute whatsoever regarding proper service of process under the Florida Statutes – and this is not the first time the omission has been brought to counsel's

attention. On May 6, 2008, the Court denied Plaintiffs' Motion for Entry of Clerk's Default against CC720, LLC because "Plaintiffs have failed to file the return of service, or set forth the statutory section on which they rely for proper service on CC720, LLC." Doc. No. 7. Plaintiff's amended motion for entry of default did not contain any discussion or citation to the Florida Statutes on substituted service. Doc. No. 8. It is also clear that Plaintiffs' counsel did not consult the Division of Corporations website to learn the identity of the LLC's managing members or the correct address.

Plaintiffs' counsel K. E. Pantas is **admonished** that all motions for entry of default or motions for default judgment must contain analysis of the appropriate section of the Florida Statutes governing service of process applicable to the type of entity against whom judgment is sought.

**DONE** and **ORDERED** in Orlando, Florida on July 22, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record